Filed 10/1/21  P. v. Vaz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENNY CLIFFORD VAZ,<br><br>    Defendant and Appellant. | H048614<br>(Santa Clara County<br>Super. Ct. No. C1882211 ) |

Defendant Benny Clifford Vaz pleaded no contest to one count of felony sexual battery and one count of misdemeanor sexual battery in exchange for a three-year top and the dismissal of other charges.  Consistent with the plea agreement, the trial court sentenced defendant to a two-year prison term.  The court also imposed various fines and fees, including a $129.75 criminal justice administration fee.  On appeal, defendant's counsel filed an opening brief in which no issues are raised and asked this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436.  We sent a letter to defendant notifying him of his right to submit a written argument on his own behalf on appeal.  He has not done so.

We obtained supplemental briefing from the parties addressing the impact of Government Code section 6111 on the criminal justice administration fee.  Pursuant to Government Code section 6111, we vacate any portion of the criminal justice administration fee that remained unpaid as of July 1, 2021.  We also correct clerical

errors in the abstract of judgment and sentencing minute order and affirm the judgment as modified.

## I.    BACKGROUND[1]

At the time of the offenses, defendant was in his 30s.  He lived in a one-bedroom apartment with his wife and child, his wife's parents, and his then-16-year-old sister-in-law (the victim).  The victim began working at the restaurant where defendant worked in June 2017.  Defendant drove her to and from work.  In July 2017, defendant groped the victim's breasts in the parking lot after work.   When she tried to get away, he put his arms around her neck and applied pressure until she could not breathe.  In October 2017, the defendant groped the victim's breasts while driving her home from work.  She pushed his hand away and scratched his arm.  A couple of days later, defendant assaulted the victim in the back of his vehicle on the way home from work.  During the assault, he bit her breasts hard enough to cause bruising and digitally penetrated her vagina and anus. Later that month, the victim reported the incident to a school counselor, as well as to her mother and sister.  Defendant's wife—the victim's sister—confronted the defendant.  He admitted to having a sexual encounter with the victim in his vehicle, but said it was consensual.

In 2018, defendant was charged with two counts of forcible sexual penetration (Pen. Code § 289, subd. (a)(1)(A); counts 1, 3);[2] two counts of felony sexual battery (§§ 242, 243.4; counts 2, 6); misdemeanor sexual battery (§§ 242, 243.4, subd. (e)(1); count 4); and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); count 5).

On May 24, 2019, defendant pleaded no contest to counts 2 and 4—one count each of felony sexual battery and misdemeanor sexual battery.  In exchange, the prosecutor agreed to the dismissal of the other charges and a three-year top.

---

[1] The facts are taken from the probation officer's report.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

At a September 24, 2020 sentencing hearing, the trial court denied probation and sentenced defendant to two years in state prison—the low term of two years on the felony count and 180 days in county jail on the misdemeanor count, to be served concurrently. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) with an additional $300 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45); an $40 court operations assessment fee (§ 1465.8); a $30 criminal conviction assessment fee (Gov. Code, § 70373); and a $129.75 criminal justice administration fee.[3] The court also ordered defendant to pay $4,000 in victim restitution. The court awarded defendant a total of 16 days of presentence credits, consisting of eight days of actual custody and eight days of conduct credits. Finally, the court imposed a 10-year protective order and ordered defendant to begin serving his sentence on October 26, 2020.

Shortly before that surrender date, defendant moved the court to modify his sentence to a two-year county jail sentence to be served on Electronic Home Monitoring or to delay his surrender date. He argued that commitment at that time would subject him to a significant risk of becoming infected with Covid-19. The court denied that motion.

Defendant timely appealed.

In December 2020, the California Department of Corrections and Rehabilitation alerted the trial court to an error in the abstract of judgment, noting that it indicated that a two-year midterm sentence was imposed on count 2, but that the sentencing triad for that offense is two years, three years, or four years. The trial court issued an amended abstract of judgment correctly reflecting that a two-year low term was imposed on count 2.

---

[3] The trial court did not specify whether the criminal justice administration fee was imposed under Government Code section 29550, 29550.1, or 29550.2.

## II.    DISCUSSION

In 2020, the Legislature passed Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869) to "eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system." (*Id.*, § 2, eff. Sept. 18, 2020, operative July 1, 2021.)  Among other things, Assembly Bill 1869 abrogated the authority to impose and collect the criminal justice administration fee by adding Government Code section 6111.  (Assem. Bill 1869, *supra*, § 11.)  Government Code section 6111 provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to [Government Code] [s]ection 27712, subdivision (c) or (f) of [Government Code] [s]ection 29550, and [Government Code] [s]ections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

In response to our request for supplemental briefing, the Attorney General maintains that any portion of the criminal justice administration fee that remained unpaid on July 1, 2021 "should be vacated."  Defendant agrees, as do we.  By its plain terms, Government Code section 6111 renders the unpaid balance of the criminal justice administration fee as of July 1, 2021 unenforceable and uncollectible and requires us to vacate the portion of the judgment imposing it. (*People v. Lopez-Vinck* (Sept. 15, 2021, No. D077029) 2021 Cal. App. LEXIS 758.)

The Attorney General's supplemental brief also identifies two errors in the amended abstract of judgment.  First, the amended abstract of judgment indicates that defendant was awarded 16 days of conduct credits, when in fact he was awarded eight. Second, it incorrectly identifies the date of the sentencing hearing as October 26, 2020; defendant was sentenced on September 24, 2020.  The Attorney General also identifies an error in the second corrected sentencing minute order, which states that the two-year sentence constitutes the midterm when in fact it is the low term.  Where there is a

4

discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)  "Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*Id.* at p. 185.)  On these grounds, we order correction of the amended abstract of judgment to reflect that defendant was awarded eight days of conduct credits and was sentenced on September 24, 2020.  And we order correction of the second corrected sentencing minute order to reflect that the trial court imposed the low term on count 2.

## III.    DISPOSITION

The portion of criminal justice administration fee that remained unpaid as of July 1, 2021 is vacated.  The clerk of the superior court is directed to modify the amended abstract of judgment to reflect that defendant was awarded eight days of conduct credits and was sentenced on September 24, 2020 and to correct the sentencing minute order to reflect that the trial court imposed the low term on count 2.  The court is further directed to amend the abstract of judgment to reflect the vacatur of any balance of the criminal justice administration fee that remained unpaid as of July 1, 2021.  The clerk is to then forward a copy of the amended abstract of judgment to the California Department of Corrections.  As amended, the judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

DANNER, J.

*People v. Vaz*
H048614